PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee
### Superseding Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 215]

Name of Offender: <u>Shermain Aiden</u>   Case Number: <u>1:10-00013-04</u>

Name of Current Judicial Officer: <u>Honorable Kevin H. Sharp, Chief U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>December 2, 2011</u>

Original Offense: <u>18 U.S.C. § 1594 (c) Conspiracy to Commit Human Trafficking</u>

Original Sentence: <u>41 months' imprisonment and five years' supervised release</u>

Type of Supervision: <u>Supervised release</u>   Date Supervision Commenced: <u>October 8, 2013</u>

Assistant U.S. Attorney: <u>Lynne Ingram</u>   Defense Attorney: <u>Sumter Camp</u>

---

## PETITIONING THE COURT

___ To issue a Summons.
___ To issue a Warrant
_X_ To Consider Additional Violations/Information

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Violations/Information.
☐ Other

Considered this ____ day of __March__, 2017,
and made a part of the records in the above case.

_____
Kevin H. Sharp
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Abigail Smith
U.S. Probation Officer

Place    Nashville, TN

Date    March 24, 2017

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 215, has been amended as follows:

    Violation No. 1 - has been amended to reflect additional drug use.

    Compliance with Supervision Conditions and Prior Interventions - has been amended to include additional information.

    Update on Offender Characteristics - has been amended to include additional information.

    U.S. Probation Officer Recommendations - has been updated with a new recommendation.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

**1.**    **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

**Mr. Aiden has tested positive for illegal substances on eleven occasions since starting supervision on October 8, 2013.**

On January 26, 2016, Mr. Aiden tested positive for marijuana. He admitted to smoking one "blunt" on January 12, 2016. Mr. Aiden reported that his fiancé miscarried one of their unborn twin children, and he used marijuana in an effort to deal with that stress.

On February 8, 2016, Mr. Aiden tested positive for cocaine. He admitted to using cocaine with his cousin on or around February 5, 2016.

On August 31, 2016, Shermain Aiden tested positive for cocaine. He initially denied use, but later admitted that he used cocaine because he was stressed abut his finances.

On September 12, 2016, Mr. Aiden tested positive for cocaine. He admitted to using cocaine on or about September 10, 2016. Mr. Aiden reported he used cocaine because "he had a lot going on."

On September 27, 2016, Mr. Aiden tested positive for cocaine. He admitted using cocaine on September 24, 2016.

On October 11, 2016, Mr. Aiden tested positive for cocaine. He admitted using cocaine on October 7, 2016.

On November 1, 2016, Mr. Aiden tested positive for cocaine and marijuana. He admitted using cocaine over the previous weekend and later admitted that he also used marijuana over the weekend.

On January 17, 2017, Mr. Aiden tested positive for cocaine and marijuana. He admitted using both substances on or around January 15, 2017.

        On February 17, 2017, Mr. Aiden tested positive for marijuana. He admitted using marijuana on or around February 13, 2017.

        On March 8, 2017, Mr. Aiden tested positive for marijuana and cocaine. On March 10, 2017, Mr. Aiden verbally admitted to the undersigned officer that he had used both substances over the prior weekend, while in Columbia, Tennessee. He reported he used due to being stressed.

        **On March 17, 2017, Mr. Aiden tested positive for marijuana. He claimed this positive outcome was a result of residual marijuana in his body, not due to new drug use. According to a toxicology report prepared by the Director of Alere Toxicology Services, Pat Pizzo, Mr. Aiden reused marijuana prior to the collections on March 17, 2017. This was based on moderate use, the lack of significant decreased in the normalized level of drug present in the urine specimen collected on February 28, 2017, the increase in the normalized level of drug present in the urine specimen collected on March 17, 2017, and a urine half-life of 48 hours.**

**2.**        <u>**The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days community correction center at the direction of the Probation Officer. The defendant shall pay all or part of the cost for substance abuse treatment if the U.S. Probation Office determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**</u>

        Shermain Aiden failed to report for a random drug test on October 31, 2016.

**Compliance with Supervision Conditions and Prior Interventions:**
Shermain Aiden began his term of supervised release on October 8, 2013, and is due to terminate supervision on October 7, 2018. He is currently unemployed, and resides with his fiancé and children, in LaVergne, Tennessee.

On October 18, 2013, Mr. Aiden was referred to the Guidance Center for substance abuse and mental health treatment. He successfully completed this treatment on December 10, 2014.

On February 3, 2016, a report was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by using marijuana, as reported above. No action was ordered at that time, and Mr. Aiden was referred back to the Guidance Center for a substance abuse reassessment and treatment. He re-started treatment on February 15, 2016, and is currently in good standing.

On February 12, 2016, a report was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by using marijuana and cocaine as aforementioned. It was recommended no further action be ordered so that Mr. Aiden could take advantage of ongoing substance abuse treatment.

Also on February 12, 2016, a report was filed with the Court detailing a temporary order of protection that was filed in Rutherford County, naming Mr. Aiden as the respondent and Candice J. Cruz as the petitioner. On February 22, 2016, the matter was continued ex-parte, without finding of fact or admission of guilt, through February 22, 2017, at which time it will automatically dismiss and be eligible for expunction, pending further court order.

On September 7, 2016, a petition was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by using marijuana and cocaine. A summons was subsequently issued and, on September 12, 2016, Mr. Aiden was served with the aforementioned summons.

On September 12, 2016, Mr. Aiden made an initial appearance before the Honorable Cliff Knowles, U.S. Magistrate Judge. Mr. Aiden was released on the same conditions of supervised release as previously ordered.

On September 19, 2016, a superseding petition was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by continuing to use controlled substances. The Court ordered the consideration of additional violations.

On October 3, 2016, a superseding petition was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by continuing to use controlled substances. The Court ordered the consideration of additional violations.

On October 24, 2016, a superseding petition was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by continuing to use controlled substances. The Court ordered the consideration of additional violations.

The Guidance Center was notified of Mr. Aiden's most recent positive drug test. On November 4, 2016, Mr. Aiden was provided with the contact information for Buffalo Valley, an inpatient facility, as Mr. Aiden reported he needed more intensive substance abuse treatment. Mr. Aiden qualified for a grant and could be admitted into treatment within 4-6 weeks.

On November 7, 2016, a superseding petition was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by continuing to use controlled substances. The Court ordered the consideration of additional violations.

On November 11, 2016, Mr. Aiden was admitted to Buffalo Valley for inpatient substance abuse treatment. He successfully completed inpatient treatment and was discharged on December 9, 2016, and began outpatient treatment again with the Guidance Center. The Guidance Center was notified of Mr. Aiden's recent drug use and increased treatment services.

On January 30, 2017, a superseding petition was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by continuing to use controlled substances. The Court ordered the consideration of additional violations.

On February 23, 2017, a superseding petition was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by continuing to use controlled substances. The Court ordered the consideration of additional violations.

On February 24, 2017, Mr. Aiden appeared before the Court for a supervised release revocation hearing. Sentencing on the revocation was rescheduled for March 31, 2017, in order to allow Mr. Aiden to prove that he could remain drug-free.

**On March 13, 2017, a a superseding petition was filed with the Court alleging Mr. Aiden had violated the terms of his supervised release by continuing to use controlled substances. The Court ordered the consideration of additional violations.**

**Update of Offender Characteristics:**
**A revocation hearing is currently scheduled for March 31, 2017.**

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that this additional violation be considered when Mr. Aiden appears before the Court. This matter has been reported to a representative of the U.S. Attorney's office who concurs with the recommendation.

Approved: _____
Donna Jackson
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. SHERMAIN AIDEN, CASE NO. 1:10-00013-04

**GRADE OF VIOLATION:** C

**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) *18 U.S.C. § 3583(e)(3)* | 5-11 months *U.S.S.G. §7B1.4(a)* | 8 months |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years *U.S.S.G. §5D1.2(a)(1)* | As previously ordered |

18 U.S.C. § 3583(g)(4) If the defendant, as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Upon a finding, by the preponderance of the evidence, that the defendant violated a condition of supervised release, the Court may revoke the term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statue for the offense that resulted in such term of supervised release, 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may revoke probation or supervised release or extend the term of probation or supervised release and/or modify the conditions of supervision, U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted

_Abigail Smith_
Abigail Smith
U.S. Probation Officer

Approved:

_____ for
Donna Jackson
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. Defendant   <u>Shermain Aiden</u>

2. Docket Number (Year-Sequence-Defendant No.)   <u>1:10-00013-04</u>

3. District/Office   <u>Middle District of Tennessee</u>

4. Original Sentence Date   <u>October 8, 2013</u>
   <sub>month day year</sub>

(if different than above):
5. Original District/Office

6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | Grade |
|---|---|
| <u>Use of Controlled Substance</u> | <u>C</u> |
| <u>Failure to Submit to Drug testing</u> | <u>C</u> |

8. Most Serious Grade of Violation (see §7B1.1(b))     | C |

9. Criminal History Category (see §7B1.4(a))     | III |

10. Range of Imprisonment (see §7B1.4(a))     | 5-11 months |

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

■ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

(b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

(c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available. Any term imposed upon revocation shall be ordered to be served consecutively to any sentence of imprisonment, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation. § 7B1.3(f)

12. Unsatisfied Conditions of Original Sentence

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (<u>see</u> §7B1.3(d)):

   Restitution($): <u>0</u>   Community Confinement: <u>0</u>

   SA($): <u>0</u>   Home Detention: <u>0</u>

   Other: <u>0</u>   Intermittent Confinement: <u>0</u>

13. Supervised Release

   If supervision is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (<u>see</u> §§7B1.3(g)(1)).

   Term: _____

   The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original sentence.

   Period of supervised release to be served following release from imprisonment:_____

14. Departure

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:


15. Official Detention Adjustment (<u>see</u> §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C. 20004, Attention: Monitoring Unit

1/11/90